STATE OF MAINE                          UNIFIED CRIMINAL DOCKET
WASHINGTON,ss                           LOCATION: MACHIAS
                                        DOCKET: WASCD-CR-16-543


STATE OF MAINE                    )
                                 )
                                 )
                                 )
vs.                              )      ORDER ON MOTION
                                 )         TO SUPPRESS
                                 )
                                 )
WARREN B. DANA                   )
            Defendant            )


Pending before the court is Defendant's motion to suppress pursuant to
M.R.U.Crim.P.41A. Specifically, Defendant seeks suppression of all evidence, namely
narcotics, seized from the vehicle in which Defendant was a passenger on November
26, 2016. Although Defendant's motion broadly challenged the legality of the search,
at hearing he conceded any challenges based on lack of warrant and lack of exigent
circumstances and narrowed the basis of his motion to insufficient reliability of the
informant relied upon by law enforcement. For the following reasons, Defendant's
motion is denied.

# FACTS

The following facts were testified to by Officer Nicholas of the Indian Township
Police Department. In August 2016 a citizen confidential informant (CI) approached
law enforcement wanting to provide information he possessed about local drug
activity. The CI was motivated by recent drug overdoses of friends and family
members. The CI was not under investigation for any drug related or other criminal
activity and had no criminal record. The citizen CI was vetted by DEA and the
information he provided was found to be accurate and trustworthy. He became a
registered CI.

On November 25, 2016, the CI contacted Officer Dana by telephone and told him
that Jessica and/or Samantha Dana were going to be travelling to Bangor in Jessica's
silver colored vehicle (Hyundai) and would be returning with crack cocaine and
heroin. Police initiated surveillance of the Samantha Dana home, where the car
described by the CI was observed, but left during the day on November 26, 2016. On
November 26, The CI relayed additional information that Samantha had made a cell

phone call indicating that she would be returning from Bangor around 8pm that evening with drugs. Surveillance was continued on the Samantha Dana home while other officers were dispatched to Route 9 to look for and stop the vehicle. The vehicle as described by the CI was observed and stopped. Samantha Dana was the operator of the vehicle, as indicated by the CI. The Defendant was sitting in the front passenger seat and another man was sitting in the rear seat on the passenger side. The vehicle was searched and drugs were found under the front passenger seat.

## DISCUSSION

Warrantless searches conducted outside the judicial process, without prior approval of a judge or magistrate, are per se unreasonable under the Fourth Amendment subject only to a few specifically established and well delineated exceptions. *Arizona v. Gant,* 556 US 332,338 (2009). Among the exceptions to the warrant requirement is a search incident to a lawful arrest. *Id.* This exception derives from officer safety and evidence preservation that are typically implicated in arrest situations. *Id.* A search incident to arrest may only include the arrestee's person and area within his immediate control. *Id.,* citing *Chimel v. California,* 395 US 752,763 (1960).

When the state in a prosecution involving a felony seeks to justify the admission in evidence of the fruits of a warrantless arrest, be in the nature of identification testimony or in the form of real evidence obtained in a search of the person, vehicle or premise, the arrest itself must be based upon probable cause. *State v. Parkinson,* 389 A.2d 1,8(Me. 1978). The State has the burden of proving by a fair preponderance of the evidence that probable cause justifying an arrest without an arrest warrant existed. *Id.* Probable cause exists where facts and circumstances within the knowledge of the officers and of which they had reasonable trustworthy information were sufficient to warrant a prudent and cautious man in believing that the arrested person had committed or was committing the felonious offense. *State v. LeBlanc,* at pp. 593-594, citing *State v. Smith,* 277 A.2d 481, 488 (Me. 1971). With citizen informants, who are innocent of criminal involvement, and volunteer their information fortuitously, openly, and through motives of good citizenship the requisite showing of reliability is significantly less than that demanded of police informants. *Id.*

Probable cause for issuance of a search warrant based on an informant has been the subject of many Law Court cases. An informant's assertions alone may be sufficient to establish probable cause if the informant's reliability or basis of knowledge, such as firsthand observation of contraband or illegal activity is established. *State v. Arbour,* 2016 ME 126, ¶ 13. However, affidavit information supporting the reliability of an informant is not in and of itself sufficient to establish probable cause absent a recitation of underlying circumstances indicating the informant's "information resulted from more than mere rumor or speculation. *State v. Thibodeau,* 317 A.2d 172, 176 (Me. 1974).

Without "direct information about the informant's reliability or basis of knowledge," a finding of probable cause requires "'something more.'" *Rabon*, 2007 ME 113, ¶ 24 (quoting *Gates*, 462 U.S. at 227). Independent corroboration of the informant's claims of suspicious or criminal activity may provide the "something more" required for a finding of probable cause, *see, e.g., State v. Dickinson*, 2005 ME 100, ¶¶ 2-3, 881 A.2d 651, as may corroboration of "'inside information' that would be uniquely available to an informant with direct knowledge of uncorroborated criminal activity". *Rabon*, 2007 ME 113, ¶ 34 (citing *State v. Lafond*, 2002 ME 124, ¶¶ 9-10, 802 A.2d 425).

Applied to this case, we are scrutinizing a citizen CI, who with proper motive approached law enforcement in August 2016 to share what he knew about local drug activity. He was vetted by DEA and his information was found accurate and reliable. On November 25 and 26, 2016 the CI provided specific information that Samantha Dana would be returning from Bangor around 8pm with cocaine and heroin and would be driving a silver Hyundai belonging to her sister. Before ever searching the vehicle, everything the CI had told law enforcement had been corroborated. The Court finds that the CI was reliable. Considering the totality of the evidence, the court finds that the State has proven by a preponderance of the evidence that probable cause existed the stop and search the vehicle in which the Defendant was a passenger. For those reasons, Defendant's Motion to Suppress is denied.

February __ 2016

_____

Justice, Superior Court